IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UMB BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-00710-SRB |
| JESSIE BENTON, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Jessie Benton, Anthony Gude, Daria Lyman, and Cybele Benton McCormick's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment. (Doc. #5.) Defendants argue the Court should dismiss this case, in part because Plaintiff UMB Bank, N.A. ("Plaintiff"), is allegedly using this Declaratory Judgment action to seek declarations regarding Plaintiff's affirmative defenses it has asserted in a related case pending in the Circuit Court of Jackson County, Missouri, Probate Division, *Jessie Benton, et al. v. UMB Bank, N.A.*, Case No. 19P8-PR01534 (the "State Court Action"). Defendants argue this declaratory judgment action is an inappropriate attempt to deprive Defendants of their choice of forum, particularly considering Plaintiff's previously failed attempt to remove the State Court Action to this Court. *See Jessie Benton, et al. v. UMB Bank, N.A.*, Case No. 4:21-CV-00432-BCW (Doc. #43). Plaintiff opposes the motion, arguing in part that because this declaratory judgment action seeks a declaration of Plaintiff's rights under federal copyright law, the Court should not dismiss the case.

Plaintiff partially relies on *Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 874 (8th Cir. 2002), which reversed a district court's decision to stay a declaratory judgment

action pending resolution of a state court action, and held that the "district court failed to consider the fact that federal law governs the primary claims raised in the declaratory judgment suit and only issues of state law are raised in the state court action. The district court abused its discretion in failing to consider this significant factor." However, the *Verizon* court also held, "Additionally, while not dispositive, it is relevant that Verizon filed its declaratory judgment action first. We are mindful of the general proposition that declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums." *Id.* In turn, issues of a plaintiff's choice of forum and the need discourage to discourage defensive, reactionary declaratory judgments are still important factors to consider when deciding whether to stay a declaratory judgment action even when federal law controls the declaratory judgment claims.

Here, the Court finds that, although this declaratory judgment action arises under federal law, Defendants' choice of forum and matters of judicial economy outweigh this consideration and therefore a stay of this case is warranted. Plaintiff admits that the federal declaration of rights will overlap with its affirmative defenses in the State Court Action, which involves Missouri state trust law claims. In a similar context, the Eighth Circuit has held that:

> It was only after it had been sued in state court and its removal petition had been denied as untimely that [Plaintiff] filed this declaratory action. This sequence of events alerts us to be on guard for ties between the state and federal actions, because the Declaratory Judgment Act is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions.
>
> More specifically, the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action. In addition, the Declaratory Judgment Act is not meant to expand federal jurisdiction. Here, [Plaintiff] passed up its chance to remove to federal court. Limitations on removal may or may not be jurisdictional; but either way, the limits must be strictly construed and enforced. There is no need to allow state court defendants like [Plaintiff] to circumvent the removal statute's deadline by using the Declaratory Judgment Act as a convenient and temporally unlimited back door into federal court.

*International Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995) (internal citations omitted).  Because the current case is more like *Angoff* than *Verizon*, the Court finds that a stay of the Declaratory Judgment action is appropriate.  The State Court Action and this case have substantial overlapping issues of both fact and law, and the State Court Action has been pending for two years.  While Defendants request this case be dismissed, the Court finds a stay is more appropriate than a dismissal due to the possibility that unanswered federal questions remain after the State Court Action's conclusion.  *See Angoff*, 58 F.3d at 1271 ("So long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention.")  Plaintiff states that "if the Court were to issue a stay in this action, [Plaintiff] would respectfully request leave to amend the complaint." (Doc. #8, p. 16.)  Upon review and for good cause shown, that request is granted.

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (Doc. #5) is GRANTED IN PART and DENIED IN PART.  The motion is granted insofar as this case is hereby STAYED pending the resolution of the related state court action in the Circuit Court of Jackson County, Missouri, Probate Division, *Jessie Benton, et al. v. UMB Bank, N.A.*, Case No. 19P8-PR01534.

It is FURTHER OREDERED that

(1) the parties are directed to file a joint status report regarding the status of this case at the conclusion of the State Court Action;

(2) Plaintiff's request for leave to amend its complaint is GRANTED.  Plaintiff may file an amended complaint within fourteen (14) days of this Order.  However, all other deadlines shall continue to be stayed pending the resolution of the State Court Action.

**IT IS SO ORDERED.**

Dated: <u>December 16, 2021</u>

<u>/s/ Stephen R. Bough</u>
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE